THE PRESIDENT, DIRECTORS, &C., OF THE TREMONT BANK
*vs.* THE CITY OF BOSTON.

The real estate of a bank, including its banking-house, is liable to taxation in the
town where such estate lies.

THIS was an action of assumpsit for money had and received, brought to recover the sum of four hundred and seventy-three dollars and ten cents, paid by the plaintiffs to the defendants, under protest, on a warrant of distress for taxes; and came before this court, by appeal from a judgment of the court of common pleas, rendered in favor of the plaintiffs, on an agreed statement of facts.

The property of the plaintiffs, on which the taxes in question were assessed, consisted of real estate in the city of Boston, and of certain stocks pledged to and held by the plaintiffs as collateral security.

From the statement of facts, it appeared, that the only real estate of the plaintiffs was their banking-house, which had always stood on their books as a part of their capital, and a dwelling-house in the rear of the banking-house. The latter was originally built and intended for, and for some years occupied by, the messenger of the bank and his family; but, for some years, including the year 1845, for which these taxes were assessed, it had been leased by the plaintiffs at an annual rent. It being conceded, that the question as to the stocks had been settled in favor of the plaintiffs, by the case of the *Waltham Bank* v. *Waltham*, 10 Met. 334, decided since the commencement of the present action, the argument was confined to the validity of the tax assessed upon the real estate.

*B. R. Curtis,* for the plaintiffs. If the seventh section of the Rev. Sts. *c.* 7, is applicable to and includes the real estate of banks, the plaintiffs were rightly assessed. But this construction, if adopted, would make the real estate of banks liable to double taxation.

The real estate of banks is a part of their capital stock.

which, to an amount not exceeding twelve per cent, they are allowed to hold in that form by the Rev. Sts. *c.* 36, § 15, for the convenient transaction of their business, and for which they are liable to pay a tax to the state, by Rev. Sts. *c.* 9, § 1. The real estate of the plaintiffs has always been returned as a part of their capital, and a tax has been paid for it as such to the commonwealth. The capital of a bank, also, including its real estate, is taxable as personal estate to the individual stockholders. Rev. Sts. *c.* 7, §§ 4 and 9. The provision of the Rev. Sts. *c.* 7, § 10, *par.* 2, that, in assessing the stockholders of manufacturing corporations for their shares, the value of the real estate belonging to the corporation shall first be deducted, clearly indicates the opinion of the legislature, that, where no such provision is made, the real estate of corporations, banking as well as others, is included in and makes a part of their capital stock, and, as such, taxable personally to their stockholders. If, in addition to this, the real estate of a bank may also be taxed to the bank itself, under § 7, then, whatever view may be taken of the tax to the commonwealth, such real estate will be liable to be at least twice taxed ; and double taxation is not to be presumed as the intention of the legislature, unless expressed in clear and unequivocal language. *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181.

*P. W. Chandler,* (city solicitor), for the defendants. The provision of the Rev. Sts. *c.* 7, § 7, that real estate shall be taxed in the town where it lies, to the person who shall be the owner thereof, on the first day of May, has been repeatedly recognized by this court as applicable to and including the real estate of corporations. *Salem Iron Factory* v. *Danvers,* 10 Mass. 514; *Amesbury Nail Factory* v. *Weed,* 17 Mass. 53; *Amesbury M. C.* v. *Amesbury,* 17 Mass. 461; *Goodell Man. Co.* v. *Trask,* 11 Pick. 514. No reason can be suggested for a distinction, in this respect, between banks and other corporations, or why the former should be made an exception to the general rule.

The argument from double taxation is not applicable to

the extent supposed. It is not, indeed, to be presumed; but where the meaning of the legislature is clear, it is not to be disregarded because it imports a double tax. The real estate of manufacturing corporations was always doubly taxed, until the law was changed as to them by the Rev. Sts. c. 7, § 10; and such is now the law as to the real estate of railroad corporations. *Worcester* v. *Western Railroad*, 4 Met. 564.

The true inference from the special provision of the Rev. Sts. *c.* 7, § 10, by which the real estate of manufacturing corporations is exempted from double taxation, is, that, as no such exemption has as yet been provided in favor of banks, the real estate of the latter comes under the general principle of § 7, and is liable to be taxed both to the stockholders, in the form of stock, and to the banks themselves, as the owners.

DEWEY, J. The question, as to the liability of banking corporations, to be taxed for the stocks of incorporated companies, pledged to and held by the former as collateral security, was fully considered and settled by this court in the case of *Waltham Bank* v. *Waltham*, 10 Met. 334. To the extent, therefore, of the taxes assessed upon the plaintiffs, for stocks thus held, they will be entitled to recover in the present action.

The further inquiry is, whether a banking corporation is liable to taxation for real estate, held and used by it principally for the purpose of a banking-house. The Rev. Sts. *c.* 7, § 7, declare, in terms, that all the real estate, within the limits of each town, is a proper subject of taxation by the assessors thereof; and no exception is made, by any direct provision of law, in favor of the real estate of banks. The inquiry, therefore, is the general one, whether the law, relating to the taxation of real estate, was intended by the legislature to apply to the real estate of banks? It has always been supposed, that the law as to the taxation of personal estate did not apply to the money capital of the banks, existing in the form of personal securities for money loaned, or in gold and

silver in their vaults. The provisions of the Rev. Sts. *c* 9, § 1, imposing a tax of one half of one per cent, semi-annually, upon the amount of the capital stock of every bank, payable to the treasurer of the commonwealth, with the further liability of the individual stockholders, severally, to be taxed in the towns where they dwell, for their shares of the capital stock of the bank, must be considered as the extent of the liability of banking corporations to taxation for personal estate. But, in practice, a different rule has been very extensively, if not universally, adopted, as to the taxation of the real estate owned by a bank, although constituting in fact a part of its capital stock.

It may be truly urged, that such a tax upon a bank effects a double taxation upon the capital stock, to the extent that it is invested in real estate ; such capital being liable, at the same time, to an assessment as personal property, in the form of a tax upon the shareholders. Entire equality of taxation would seem to require, that the real estate of banks should be put upon the same footing, in this respect, with the real estate of manufacturing corporations, the value of which, in assessing the stockholders for their shares, is first to be deducted therefrom. Rev. Sts. *c.* 7, § 10, *par.* 2.

There being no similar provision however with regard to the property of banking corporations, the liability of those institutions to taxation for the real estate held by them, and the liability of their stockholders to be taxed for the shares of personal estate which they hold, must be governed by the general law regulating the assessment of taxes. The Rev. Sts. *c.* 7, § 7, provide, that "all taxes on real estate shall be assessed, in the town where the estate lies, to the person, who shall be either the owner or in possession thereof, on the first day of May." Banking corporations, as well as individuals, may be the owners or in possession of real estate ; and if the real estate owned or held by a bank is to be taxed as such, it is quite obvious, that the proper mode is, for the assessors of the town in which it lies to assess the tax thereon

to the corporation itself. The law, we think, fully authorizes such taxation, and justifies the practice, which has hitherto so generally prevailed, of assessing a tax upon banking corporations, for the real estate owned or held by them, including that used for a banking-house, in the town where such estate lies.

The plaintiffs are entitled to judgment only for the amount of the taxes assessed on the personal estate.